UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM MCDOWELL,<br><br>           Plaintiff,<br><br>      v.<br><br>UNKNOWN FEDERAL AGENT, et al.,<br><br>           Defendants. | CASE NO. 3:24-cv-05768-KKE-DWC<br><br>ORDER DECLINING TO SERVE COMPLAINT AND TO SHOW CAUSE |

Plaintiff William McDowell, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  Having reviewed and screened Plaintiff's complaint (Dkt. 4-1), under 28 U.S.C. § 1915A, the Court declines to serve the complaint and, instead, orders Plaintiff to show cause why this *Bivens* action should not be dismissed for failure to state a cognizable claim.

---

[1] Damages actions against federal officials for Constitutional violations must be brought under *Bivens*—the judicially crafted counterpart to § 1983 that is virtually identical except for the replacement of a state actor with a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

ORDER DECLINING TO SERVE COMPLAINT AND TO SHOW CAUSE - 1

## I. BACKGROUND

Plaintiff, who is currently incarcerated at Coyote Ridge Corrections Center, initiated this civil rights action concerning certain conditions of supervision imposed in unspecified federal conviction. Dkt. 1-4 at 4–5. According to Plaintiff, he was arrested by federal officers in October 2019. *Id.* Plaintiff asserts that his supervised release expired on February 27, 2020. *Id.* Despite the expiration of his supervision, Plaintiff alleges he was not released until May 20, 2020, and was required to wear an ankle-monitor for the next two years. *Id.* According to Plaintiff, this continued monitoring without justification amounts to an unlawful seizure in violation of the Fourth Amendment to the United States Constitution. *Id.* Plaintiff represents the specific charges associated with his supervised release have since been dismissed. *Id.*

As relief, Plaintiff seeks monetary damages against the "unknown federal agents" responsible for the alleged unlawful seizure. *Id.*

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

To sustain a *Bivens* claim, a plaintiff must name a federal actor and show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of federal law. *Bivens*, 403 U.S.

at 409–10; *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, if the claims put forth in the complaint lack any arguable substance in law or fact, then the Court should dismiss the complaint as frivolous and without leave to amend. 28 U.S.C. § 1915A(b); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (claims properly dismissed as frivolous under the PLRA are "those claims whose factual contentions are clearly baseless" and "claims describing fantastic or delusional scenarios").

### III.  DISCUSSION

Plaintiff puts forth a single unlawful seizure claim against two unnamed defendants, alleging he was subject to GPS monitoring beyond the expiration of his supervised release. Dkt. 4-1. Plaintiff's claim is deficient in several ways, and it is unlikely he will be able to cure the deficiencies through amendment.

A.  **Unavailability of *Bivens* Remedy in New Contexts**

First, Plaintiff's claim would likely require application of *Bivens* to a new context. In *Bivens*, the Supreme Court recognized an implied cause of action to seek damages against federal narcotics officers for an unreasonable search and seizure under the Fourth Amendment. *Bivens*, 403 U.S. at 389–90. In *Bivens*, federal agents entered the plaintiff's apartment and

arrested him. *Id*. at 389. The agents threatened the plaintiff's family, searched his apartment, took him to a federal courthouse, interrogated him, and subjected him to visual strip search—all without a warrant. *Id.* The Supreme Court subsequently recognized a *Bivens* action in two other contexts. *See Davis v. Passman*, 442 U.S. 228 (1979) (recognizing a Fifth Amendment claim for gender discrimination in employment); *Carlson v. Green*, 446 U.S. 14 (1980) (recognizing an Eighth Amendment claim asserting cruel and unusual punishment against prison officials for failing to treat the prisoner's asthma). Following the creation of an implied cause of action in *Bivens* and application of the remedy to these three discrete contexts, the United States Supreme Court foreclosed the availability of *Bivens* remedies in new contexts. *Ziglar v. Abbasi*, 582 U.S. 120, 131–35 (2017).

It appears Plaintiff's claim, which alleges unlawful seizure by federal probation officers in the context of postconviction supervision, would require application of *Bivens* to a new context. *See Quinonez v. United States*, 667 F. Supp. 3d 1015, 1036 (N.D. Cal. 2023) (finding "the plaintiffs' claims involving the alleged search and seizure of mailed packages by Postal Service employees [stood] in stark contrast" to the warrantless search and seizure claim involving excessive force by federal narcotics officers first recognized in *Bivens*); *Massaquoi v. Fed. Bureau of Investigation*, 2023 WL 5426738, at *2 (9th Cir. Aug. 23, 2023) (finding a Fourth Amendment claim presented a new *Bivens* context because the claim involved a new category of defendants—FBI agents—who acted pursuant to a search warrant). Accordingly, before he may proceed further in this action, Plaintiff must show cause why his claim does involve a new *Bivens* context.

**B.     Individual Liability**

Next, Plaintiff identifies two "unknown federal agents" as defendants in this action and indicates both defendants are sued in their individual capacities. Dkt. 4-1 at 3, 5. Plaintiff has

ORDER DECLINING TO SERVE COMPLAINT AND TO SHOW CAUSE - 4

failed to state a claim against either defendant. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). That is, to state an individual capacity claim, a plaintiff must show a defendant personally participated in causing the alleged constitutional injury by committing an affirmative act, by participating in another's affirmative act, or by failing to perform a legally required act. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). The instant complaint includes only threadbare allegations; Plaintiff does not explain how either unnamed defendant personally participated in his alleged unlawful seizure. He has thus failed to state *Bivens* claim against either defendant in their individual capacities. Therefore, Plaintiff must also show cause why this action should not be dismissed for failure to state a viable claim against any defendant.

C.   **Statute of Limitations**

Finally, Plaintiff's *Bivens* claim is likely barred by the applicable statute of limitations. As noted above, the Supreme Court in *Bivens* created an implied cause of action for constitutional deprivations proximately caused by federal actors. In the absence of an explicit limitations period, federal courts look to the law of the forum state to determine the statute of limitations applicable to *Bivens* claims.[2] *Montgomery v. West*, No. 23-15728, 2024 WL 2843637, at *1 (9th Cir. June 5, 2024). Under Washington law, Plaintiff had three years from the date his claim accrued to file a *Bivens* action. *See Syvyy v. Wawrzycki*, No. 10-cv-5073-RBL, 2010 WL 2545452, at *2–3 (W.D. Wash. June 21, 2010) (three-year statute of limitations to file *Bivens*

---

[2] Ordinarily, the statute of limitations is affirmative defense raised by an opposing party; even so, may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

ORDER DECLINING TO SERVE COMPLAINT AND TO SHOW CAUSE - 5

action in Washington State); *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981) (three-year statute of limitations applies to analogous § 1983 actions filed in Washington State).

"While the statute of limitations period is derived from state law, federal law determines when the statute of limitations period accrues." *W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). "A *Bivens* claim accrues when the plaintiff knows or has reason to know of the injury." *Id.* (citing *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761–62 (9th Cir. 1991)). However, "it is not necessary that [a plaintiff] have knowledge of all the details or all of the persons involved in order for [their] cause of action to accrue." *Id.* at 1157.

The final step in determining whether a claim is time barred is application of the equitable tolling doctrine. In federal court, a litigant seeking equitable tolling of a limitations period generally bears the burden of establishing two elements: (1) that he has pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990)). "The doctrine [of equitable tolling] is not available to avoid the consequence of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights." *Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019).

From the allegations in the complaint, it appears Plaintiff either knew or had reason to know of his unlawful seizure when he was allegedly detained and subject to conditions of supervision beyond the expiration of his supervised released. Dkt. 4-1 at 4–5. Taking his allegations as true, Plaintiff's *Bivens* claim accrued the day after his supervised released expired on February 27, 2020, making the last day for him to file a timely *Bivens* claim three years later on February 28, 2023. This action was not filed until September 12, 2024, and it does not appear

equitable tolling would apply. Thus, Plaintiff must show cause why his *Bivens* claim should not be dismissed as time barred.

## IV.   INSTRUCTIONS TO PLAINTIFF

Due to the deficiencies described above, the Court will not serve Plaintiff's complaint. Instead, if Plaintiff intends to pursue this *Bivens* action, he must show cause (1) why his unlawful seizure claim would not require application of *Bivens* to a new context, (2) why it should not be dismissed for failure to demonstrate individual liability for any defendant, and (3) why it should not be dismissed as time barred. If Plaintiff fails to respond to this order or show cause on or before October 28, 2024, the undersigned will recommend dismissal of this action for failure to state a claim and failure to comply with a court order.[3]

Dated this 27th day of September, 2024.

David W. Christel
United States Magistrate Judge

---

[3] Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).